UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| CHARLES SUEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:20-cv-244-HAB |
| | ) | |
| RED RIVER WASTE SOLUTIONS LP, | ) | |
| RED RIVER WASTE SOLUTIONS GP, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter comes before the Court on a Notice of Dismissal (ECF No. 8), filed on August 3, 2020. Federal Rule of Civil Procedure 41(a) provides the terms upon which parties can voluntarily dismiss an action. Fed. R. Civ. P. 41(a). The Seventh Circuit has indicated that Rule 41(a) should be used for the limited purpose of dismissing an entire action rather than for dismissal of individual parties or piecemeal claims. *Taylor v. Brown*, 787 F.3d 851, 857 (7th Cir. 2015) ("Although some courts have held otherwise, we've said that Rule 41(a) does not speak of dismissing one claim in a suit; it speaks of dismissing an action—which is to say, the whole case.") (citation and internal quotations marks omitted)).[1] According to the Seventh Circuit, Rule 41(a) is not the proper vehicle for dropping individual parties or claims; instead, courts should allow a plaintiff to amend his complaint under Federal Rule of Civil Procedure 15(a). *Id*.

In light of *Taylor*, the Court will sua sponte GRANT the Plaintiff leave to amend his Complaint for the limited purpose of revising it to reflect the dismissal of the various claims as

---

[1] The *Taylor* case involved Rule 41(a)(2) instead of 41(a)(1), but the court specifically noted that "*both* provisions refer exclusively to 'actions'—which, as *Berthold Types* said, means the entire case." *Taylor*, 787 F.3d at 857 (citing *Berthold Types Ltd. v. Adobe Sys. Inc.*, 242 F.3d 772, 777 (7th Cir. 2001) and *Nelson v. Napolitano*, 657 F.3d 586, 588 (7th Cir. 2011)).

outlined in the Notice. The Court DIRECTS the Plaintiff to file the amendment by September 14, 2020. Once the Plaintiff's amended complaint has been filed, the Notice will be deemed moot because an amended complaint controls once it is filed, and the prior pleading will be withdrawn by operation of law. *See Johnson v. Dossey*, 515 F.3d 778, 780 (7th Cir. 2008); *see also Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998).

SO ORDERED on August 25, 2020.

                                            s/ Holly A. Brady
                                            JUDGE HOLLY A. BRADY
                                            UNITED STATES DISTRICT COURT